**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SALVATORE J. LENTINI, on behalf of himself and all others similarly situated, | ) | **CONVENTIONALLY FILED/SERVED** |
| Plaintiff, | ) | |
| | ) | Misc. Action No. MISC 07 0034S |
| v. | ) | |
| | ) | RE: No. 3:06-cv-572 (AWT) |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, | ) | Pending in the U.S. District Court for the District of Connecticut |
| Defendant. | ) | **CLASS ACTION** |

**PLAINTIFF SALVATORE LENTINI'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS AND FOR SANCTIONS AGAINST MULTISTATE TITLE CO., LLC**

COME NOW Plaintiff Salvatore J. Lentini ("Plaintiff"), by and through his undersigned counsel, and respectfully moves the Court pursuant to Fed. R. Civ. P. 45(c)(2)(B) for an order compelling nonparty MultiState Title Co., LLC ("MultiState") as follows: (1) to produce documents responsive to Plaintiff's subpoena duces tecum of December 19, 2006 within ten (10) days of the Court's ruling on this Motion; (2) to appear for a Rule 30(b)(6) deposition pursuant to Plaintiff's deposition subpoena of December 19, 2006 within twenty (20) days of the Court's ruling; and (3) to pay reasonable attorneys' fees and costs relating to the filing of this Motion.

In support of this Motion, Plaintiff invites the Court's attention to the accompanying Affidavit of Ingrid L. Moll ("Moll Aff.") (attached as Exhibit A), in addition to the points and authorities set forth below. Plaintiff makes this Motion following months-long correspondence by Plaintiff's counsel, which has gone unresponded to by MultiState's counsel. Plaintiff does not request oral argument on this Motion.

## I. INTRODUCTION

Salvatore J. Lentini is the Plaintiff and a putative class representative in the underlying lawsuit to this miscellaneous proceeding, which is styled *Salvatore J. Lentini, on behalf of himself and all others similarly situated v. Fidelity National Title Insurance Company of New York*, No. 3:06-cv-572 (AWT), now pending in the United States District Court for the District of Connecticut (the "Lawsuit").[1] The Lawsuit is a putative class action brought on behalf of a class of Connecticut consumers allegedly overcharged by Defendant Fidelity National Title Insurance Company ("Fidelity"), through its agents, which includes MultiState, for title insurance in connection with refinance transactions, i.e., in excess of the statutorily mandated refinance rate.[2] In the Lawsuit, Plaintiff alleges that, in connection with the closing of his refinance transaction, held on or about June 3, 2004, Fidelity, through its agent MultiState, (a) concealed from the Plaintiff that he qualified for and was entitled to receive the discounted refinance rate for title insurance and (b) supplied false, misleading, inaccurate and incomplete information about the applicable rate by charging the Plaintiff an amount in excess of the statutorily mandated refinance rate. (Amended Complaint ("Am. Compl.") (Exh. B) at ¶ 40.)

In December 2006, in view of these allegations and as more fully described below, Plaintiff's counsel issued from this Court a subpoena duces tecum and a Rule 30(b)(6) deposition subpoena to MultiState, a real estate title abstract, closing and escrow company having its principal place of business in Cranston, Rhode Island. In general terms, the document subpoena

---

[1] A copy of the Amended Complaint without exhibits is attached as Exhibit B.

[2] By way of background, title insurers in Connecticut charge customers the "original rate" or "basic rate" as a price for title insurance in connection with a home purchase. Customers who purchase title insurance, however, in connection with a refinance transaction are, in many instances based on the objective standards set forth in the filed rates, entitled to a significant discount off the original rate, referred to herein as the "refinance rate."

seeks the production of documents in MultiState's possession, custody or control, including but not necessarily limited to those relating to Plaintiff's refinance transaction, residential closings handled by MultiState relating to Connecticut real property during the class period, correspondence and remittances between MultiState and Fidelity, and other documents dealing generally with the refinance rate for title insurance.

Despite its obligations under Fed. R. Civ. P. 45, MultiState never served any objections, never produced a single document, never made itself available for its Rule 30(b)(6) deposition, and has never responded to the correspondence sent to its counsel, as explained in the recitation below. MultiState's flagrant disregard for Plaintiff's Subpoenas, which constitute orders issued from this Court, should not be permitted. Therefore, Plaintiff now moves this Court for an order requiring MultiState to produce an immediate and complete document production, to appear for its Rule 30(b)(6) deposition, and to pay attorneys' fees and costs associated with this Motion.

## II. FACTUAL BACKGROUND

On December 19, 2006, Lentini issued two subpoenas directed to MultiState: (1) a subpoena duces tecum (the "Document Subpoena")[3]; and (2) a subpoena commanding MultiState's Rule 30(b)(6) deposition (the "Deposition Subpoena") (collectively, the "Subpoenas").[4] Such Subpoenas were served on MultiState on December 21, 2006. (*See* Exhibits C and D.)

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), any objections to the Subpoenas were due on January 4, 2007. No objections were – or ever have been – presented.

---

3 The Document Subpoena, including the original proof of service, is attached as Exhibit C.

4 The Deposition Subpoena, including the original proof of service, is attached as Exhibit D.

Following the issuance of the Subpoenas, the first communication from MultiState came through its counsel, Attorney Michael P. Lynch, who telephoned Plaintiff's counsel on January 9, 2007, requesting a forty-five (45) day extension to comply with the Document Subpoena because responsive files would have to be pulled from storage and requesting that he and Plaintiff's counsel meet and confer within the two weeks that followed the January 9, 2007 call to discuss the scope of the Document Subpoena. (Moll Aff. at ¶ 6 (Exh. A).) On January 12, 2007, counsel for MultiState sent its one and only letter concerning the Subpoenas: (1) stating that MultiState waived any challenge to proper service of the Subpoenas; (2) making a vague reference to the 45-day extension referenced above; (3) stating that "we agreed to talk over the course of the next two weeks to narrow the focus of the material sought" and that "we expect the deposition to take place by the end of February, 2007."[5] Counsel for MultiState has made no contact since that letter of January 12, 2007. (Moll Aff. at ¶ 7 (Exh. A.).)

On February 7, 2007, Plaintiff's counsel sent MultiState's counsel a letter requesting a meet and confer to move forward with MultiState's document production and the rescheduling of MultiState's 30(b)(6) deposition.[6] MultiState did not respond.

On March 2, 2007, Plaintiff's counsel again sent MultiState's counsel a letter (by fax and U.S. mail) highlighting the fact that no response had been provided either to the Subpoenas or to the subsequent correspondence and that "[a]ny objections to the subpoenas issued to MultiState

[5] A copy of the Letter from Michael P. Lynch to Ingrid L. Moll dated January 12, 2007 is attached as Exhibit E.

[6] A copy of the Letter from Ingrid L. Moll to Michael P. Lynch dated February 7, 2007 is attached as Exhibit F.

Title Co., LLC are long overdue and are now deemed waived."[7] The letter further requested an immediate document production and a prompt telephone call to discuss the rescheduling of MultiState's Rule 30(b)(6) deposition. MultiState did not respond.

On April 20, 2007, in a final effort to avoid court action, Plaintiff's counsel sent MultiState's counsel a third letter (by fax and U.S. mail) stating that, in the absence of an immediate document production and confirmation that MultiState would make itself available for its Rule 30(b)(6) deposition on a date certain in May, a miscellaneous action would have to be filed against MultiState in which the Plaintiff would move to compel compliance and seek all appropriate sanctions.[8] A response was requested by April 25, 2007. MultiState did not respond.

## III. ARGUMENT

### A. MultiState Should Be Ordered to Comply with the Full Scope of the Document Subpoena Within Ten (10) Days of the Court's Ruling on This Motion.

As an initial matter, MultiState did not serve a timely objection to the Document Subpoena issued on December 19, 2006 (and, in fact, has never served any objection). Having failed to serve a timely (or even untimely) objection to the Document Subpoena, MultiState has waived any and all of its objections thereto, and Plaintiff requests that the Court order full compliance within ten (10) days of the Court's ruling on this Motion.

---

[7] A copy of the Letter from Ingrid L. Moll to Michael P. Lynch dated March 2, 2007 is attached as Exhibit G.

[8] A copy of the Letter from Ingrid L. Moll to Michael P. Lynch dated April 20, 2007 is attached as Exhibit H.

The principles underlying Federal Rule of Civil Procedure 45 ("Rule 45") are well settled. "The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002), quoting Advisory Committee Notes to 1991 Amendment of Rule 45.

Pursuant to Rule 45, the recipient of a subpoena duces tecum must serve any objections to the subpoena within fourteen (14) days from the date of service or before the time of compliance if less than fourteen days. *See* Fed. R. Civ. P. 45(c)(2)(B). Specifically, Rule 45(c)(2)(B) provides in relevant part:

> a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena . . . serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested.

Fed. R. Civ. P. 45(c)(2)(B). In this regard, MultiState did not serve any objections (in a timely manner or otherwise) in the months that have followed the Document Subpoena's issuance.

Failure to comply in a timely manner with the requirements of Rule 45(c)(2)(B) governing the service of objections constitutes a waiver of such objections, including those of privilege. *See Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) (affirming magistrate judge's finding that untimely objection constituted waiver resulting in denial of non-party's motion for protective order); *Deal v. Lutheran Hospitals & Homes*, 127 F.R.D. 166, 168 (D. Alaska 1989) (granting motion to compel production of documents where nonparty failed to serve timely objection); *Ghandi v. Police Dep't of City of Detroit*, 74 F.R.D. 115 (E.D. Mich. 1977) (witness may not disregard

subpoena he has not challenged by motion to quash); *United States v. International Bus. Mach. Corp.*, 70 F.R.D. 700, 702 (S.D.N.Y. 1976) (holding that failure to serve timely objection to Rule 45 subpoena duces tecum constituted waiver); *see also U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection, including privilege.").

In sum, MultiState's full and immediate compliance with Plaintiff's Document Subpoena is not only appropriate, but indeed required under Fed. R. Civ. P. 45. Therefore, Plaintiff requests that this Court order MultiState to comply fully with the Document Subpoena no later than ten (10) days from the date of the Court's ruling on this Motion and failing that, to hold MultiState in contempt of this Court.

**B. Because MultiState's Conduct Constitutes Civil Contempt, MultiState Should Be Ordered to Pay Reasonable Attorneys' Fees and Costs in Relation to the Filing of This Motion.**

MultiState's failure to obey Plaintiff's Subpoenas without adequate excuse constitutes civil contempt of this Court. As a sanction, MultiState should be required to pay reasonable attorneys' fees and costs associated with the filing of this Motion, the necessity of which Plaintiff has repeatedly attempted to avoid.

Rule 45(e) provides in pertinent part:

> Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.

Fed. R. Civ. P. 45(e). It is well settled that the judicial power exists to punish the failure to comply with a valid subpoena as a contempt of court. *Matter of Certain Complaints Under Investigation*, 783 F.2d 1488, 1495 (11th Cir. 1986) ("If a witness disregards the subpoena and fails to comply without filing a timely motion to quash, the witness may be

found in contempt of court, with no need for any further court order."); *see also Blackmer v. United States*, 284 U.S. 421, 439-40 (1932).

As a result of a nonparty's choosing to ignore a subpoena rather than to challenge its sufficiency – which constitutes a "flagrant disregard for the judicial process [that] is totally unacceptable" – the Court has the judicial power to assess attorneys' fees and any other expenses deemed relevant in connection with the filing of a motion to enforce a subpoena. *See, e.g., Kohler Co. v. Weiss*, No. 90CIV3188 (JMC), 1993 WL 307775, *2 (S.D.N.Y. Aug. 9, 1993); *Matter of Application of Olga Sumar*, 123 F.R.D. 467, 473 (S.D.N.Y. 1988) ("As [a nonparty witness] failed to object timely to the subpoena . . . it may be held in contempt, pursuant to Rule 45(f) [currently Rule 45(e)], and sanctions may therefore be imposed.").

Based on the foregoing principles, and as a result of its wholesale disregard of the Subpoenas and the correspondence that followed, MultiState should be assessed with sanctions in the amount of attorneys' fees and costs associated with the filing of this Motion.

**C. MultiState Should Be Ordered to Make Its Rule 30(b)(6) Deposition Witness(es) Available for Deposition Within Ten (10) Days of Its Document Production (i.e., Within Twenty (20) Days from the Date of the Court's Ruling on This Motion).**

Finally, as described above, Plaintiff honored MultiState's initial request to reschedule its Rule 30(b)(6) deposition from the originally scheduled date, January 18, 2007. In its January 12, 2007 letter, MultiState's counsel agreed that the deposition would take place by the end of February 2007. (*See* Exh. E.) Yet, MultiState has been entirely uncommunicative since that letter and has failed to make itself available for such deposition. Accordingly, Plaintiff requests that this Court order MultiState to make its Rule 30(b)(6) witness(es) available for deposition no

later than twenty (20) days from the date of the Court's ruling on this Motion and failing that, to hold MultiState in contempt of this Court.

## IV. CONCLUSION

For the reasons set forth herein, MultiState should be compelled to comply fully with Plaintiff's Document Subpoena within ten (10) days of the Court's ruling on this Motion and to make itself available for its Rule 30(b)(6) deposition within ten (10) days following such document production. MultiState should be further ordered to pay reasonable attorneys' fees and costs associated with the filing of this Motion.

Respectfully submitted,

Dated: April 27, 2007

Vincent Greene (R.I. State Bar #5971)
MOTLEY RICE LLC
321 South Main St.
Providence, RI 02940
Ph: (401) 457-7700
Fax: (401) 457-7708
Email: vgreene@motleyrice.com

Of counsel:
Ingrid L. Moll (CT 21866)
MOTLEY RICE LLC
One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
Ph: (860) 882-1678
Fax: (860) 882-1682
Email: imoll@motleyrice.com

*Attorneys for Plaintiff Salvatore J. Lentini*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2007, a copy of the foregoing was served by certified mail on the following defense counsel of record in the underlying action, *Salvatore J. Lentini, on behalf of himself and all others similarly situated v. Fidelity National Title Insurance Company of New York*, No. 3:06-cv-572 (AWT), pending in the District of Connecticut:

Joseph J. Cherico, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Ph: (203) 961-7400
Fax: (203) 359-3031

David Fleischer, Esq.
Thomas J. Finn, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
212-318-6000
Fax: 212-319-4090

I further certify that on April 27, 2007, a copy of the foregoing was served by certified mail on the following counsel for MultiState Title Co., LLC:

Michael P. Lynch, Esq.
117 High Street, Suite 2
Westerly, RI 02891

Formal service will be made on MultiState Title Co., LLC pursuant to Fed. R. Civ. P. 4.

Vincent Greene (R.I. State Bar #5971)
MOTLEY RICE LLC
321 South Main St.
Providence, RI 02940
Ph: (401) 457-7700
Fax: (401) 457-7708
Email: vgreene@motleyrice.com