AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF **Rhode Island**

**Salvatore J. Lentini, on behalf of himself and all others similarly situated,**

V.

**Fidelity National Title Insurance Company of New York.**

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **3:06-cv-572 (AWT)**

(District of Connecticut)

TO: **Custodian of Records**
**MultiState Title Company, LLC**
**481 Atwood Avenue**
**Cranston, RI 02903**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

**See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| **Motley Rice LLC, 321 S. Main Street, Providence, RI 02903** | **January 8, 2007 at 10:00 am** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] **Attorney for Plaintiff Salvatore J. Lentini** | **December 19, 2006** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Ingrid L. Moll, Esq., Motley Rice LLC, 20 Church Street, 17th Floor, Hartford, CT 06103**
**Phone (860) 882-1678; Fax (860) 882-1682**

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 12-21-06 | Cranston, RI. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Steven M. Hudak | Records Keeper |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert J. Kilcluff | Disinterested Party |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 12-21-06
DATE

[signature]
SIGNATURE OF SERVER

16 Cornell Ave
Rumford, RI 02916
ADDRESS OF SERVER

[signature]

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS

1. "Document" or "documents" is intended to be comprehensive and to include, without limitation, any letter, other forms of correspondence, telegrams, telex communications, tape or other recordings, phone records, memoranda, reports, calculations, studies, recommendations, notices, figures, analyses, notes (whether typewritten or handwritten), notebooks, minutes of meetings, calendar pads, visitors' logs, records, specifications, checks, check books, accounts, account books, bank statements, deposit slips, indices, charts, sketches, forms, data sheets, diaries, manuals, lists, tabulations, computations, intracorporate communications, work papers, circulars, pamphlets, literature, publications, drafts, contracts, invoices, agreements, instruments, files and index cards, schedules, orders, tax returns, computer print-outs, e-mail, computer disks or tapes, and any other data compilation from which intelligence can be perceived, with or without the use of detection devices, that are in the possession, custody or control of defendant, and including each separate copy of each such document which varies in any respect from the original, and such copies containing marginal notations, underlining and other variations.

2. The term "communication(s)" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among members of a group, whether face-to-face, by telephone or by means of written electronic or other medium.

3. Without limiting the term "control," a document is deemed to be within Your control if You have ownership, possession or custody of the document, or the right

to secure the document or a copy thereof from any person or entity having physical possession thereof.

4. The term "Fidelity" as used herein refers to the Defendant Fidelity National Title Insurance Company and/or any of its affiliates, sister companies, parent, subsidiaries, divisions, departments, officers, executives, trustees, employees, agents, brokers, attorneys, representatives and any other persons or entities acting or purporting to act on its behalf.

5. The term "Agents" means any person or entity authorized to sell title insurance policies, or who in fact sold title insurance, on behalf of Fidelity during the period April 14, 2000 to the present covering real property located in the State of Connecticut.

6. The term "MultiState" shall mean MultiState Title Company, LLC and/or all officers, directors, members, employees, partners, corporate parent, subsidiaries or affiliates.

7. The term "Refinance Rate" as used herein means any discounted title insurance rate that is available to customers who purchase title insurance in connection with residential refinance transactions where a prior policy of title insurance had been issued for the same property under the same fee ownership within ten years of the new loan policy.

8. The term "person" or "persons" means any natural persons, any form of business entity (whether partnership, association, cooperative, corporation, division, committee, company or otherwise), and any governmental entity or department, agency, bureau, or political subdivision thereof.

9. As used herein, the terms "relating," "regarding," or "in connection with" mean concerning, pertaining to, referring to, describing, evidencing or constituting.

10. "And" and "or" as used herein each mean "and/or," which shall be construed both conjunctively and disjunctively so as to require the broadest possible response to any given Request for Production of Documents.

11. "All" as used herein shall be construed as every and any.

12. The term "You" refers to "MultiState," as that term is described above.

## REQUESTS FOR PRODUCTION

Produce any and all of the following documents in Your possession, custody or control:

1. Any and all documents, including memoranda, minutes of meetings, internal correspondence, notes or internal bulletins that describe, mention, discuss or refer in any way to the Refinance Rate.

2. Any and all rate schedules and/or rate plans, whether internal or on file with the Connecticut Insurance Department that describe, mention, discuss or refer to the Refinance Rate, including, but not limited to, modifications and/or amendments thereto.

3. Any and all documents, including, without limitation, internal rules, guidelines or operating procedures, that describe, mention, discuss or refer to conditions upon which a purchaser of title insurance from MultiState may be entitled to or qualify for a Refinance Rate.

4. Any and all promotional, sales or marketing literature of MultiState and/or Fidelity, which describes, mentions, discusses or refers to the Refinance Rate, including, but not limited to, sales bulletins, sales brochures, and sales or marketing plans.

5. Any all documents reflecting, referring or relating to any procedures, policies, instructions and/or rules governing or pertaining to the sale of title insurance by MultiState in the State of Connecticut on behalf of Fidelity from April 14, 2000 to the present, including, without limitation, and any and all agent manuals or guidelines.

6. Any and all documents reflecting, referring or relating to any training and/or education of employees of MultiState with respect to the sale of title insurance in the State of Connecticut, including, but not limited to, seminar materials, training manuals, compliance manuals, bulletins, memoranda, etc.

7. Any and all residential closing files handled by MultiState relating to Connecticut real property for the period April 14, 2000 to the present, including all documents related to any title insurance issued in connection with such closings.

8. Any and all documents which describe, mention or refer to the method or manner in which MultiState calculates the Refinance Rate.

9. Any and all documents reflecting, referring or relating to any policies or procedures of MultiState with respect to document/record retention, storage and/or destruction.

10. Any and all documents constituting communication by, between or among MultiState and Fidelity which describe, mention, discuss or refer to in any way the Refinance Rate, including, without limitation, written correspondence, e-mails, bulletins, memoranda, minutes or notes of meetings, etc.

11. Any and all documents sent to or received from American Land Title Association and/or the New England Land Title Association during the period April 14,

2000 to the present that discuss, mention or refer to the Refinance Rate, including but not limited to bulletins, correspondence, and memoranda.

12. Any and all documents constituting notifications to customers of TransContinental regarding the existence and/or potential availability of the Refinance Rate, including, without limitation, any form notices or letters MultiState provides to customers who purchase title insurance policies from MultiState.

13. Any and all documents constituting communication by, between or among MultiState, Fidelity and/or the Connecticut Insurance Department which discuss, mention or refer in any way to the Refinance Rate.

14. All agency agreements between Fidelity and MultiState that were entered into and/or effective during the period April 14, 2000 to the present.

15. Copies of all forms utilized by MultiState to report the sale of Fidelity title insurance policies to Fidelity.

16. Any and all documents regarding, relating, referring to Salvatore J. Lentini, including but not limited to his refinancing transaction on or about June 3, 2004.

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing SUBPOENA DUCES TECUM was served via electronic mail and via first class United States mail, postage prepaid, this 19th day of December, 2006 to:

Joseph J. Cherico, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Ph: (203) 961-7400
Fax: (203) 359-3031
josephcherico@paulhastings.com

David Fleischer, Esq.
Thomas J. Finn, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
Ph: (212) 318-6000
Fax: (212) 319-4090
davidfleischer@paulhastings.com
thomasfinn@paulhastings.com

Ingrid L. Moll